Our next case for argument this morning is Simon against the Cooperative Educational Service Agency, number five. All right, Mr. Stadler. Good morning, Judge. Are we set to proceed? We came in, we kind of got just the tail end of what you had said. So I assume we're going live. Yes. Yes, you're live, but not in person. Thank you. Good morning, Your Honors. Nor is this New York, nor is it Saturday night. Good morning, Your Honors. My name is Ron Stadler, and I represent the Cooperative Educational Service Agency, number five, which we generally refer to as CESA five. So that's the nomenclature I will use as I address the court this morning. The primary issue in this case is whether an employee can maintain a cause of action under the Family and Medical Leave Act when it is undisputed that the employee did not lose That is a potential issue. But of course, the antecedent issue is whether we have appellate jurisdiction, and that has been contested by your adversary. And I would like to start there for a fairly simple reason, which is you're complaining about a declaratory judgment issued by the district court, and I tried to find the declaratory judgment, and I couldn't find one. Well, it's a somewhat confusing issue, Judge Easterbrook, because this isn't a declaratory judgment action. What we have is a final order from the district court on a Family and Medical Leave Act case. Actually, you don't. What you have is an opinion of the district judge. Rule 58A says that every judgment must be set forth on a separate piece of paper. You don't have such a judgment with a declaratory judgment in it until December 23rd, 2021, when the district judge entered a single judgment awarding a declaratory judgment to the plaintiff and awarding attorney's fees of $60,000. But the thing from which you have appealed is an opinion and not a judgment. Isn't that a problem? It would be a problem, but I see his order from May of 2021 as a final order in the case. He disposed of everything in the case other than attorney's fees. So where is the declaratory judgment? Within his order. He says, I hereby... Look, are you listening? Rule 58A says that every judgment must be set forth on a separate piece of paper. Where is that separate piece of paper? I looked for it. I couldn't find it. Am I missing something? It's not in the appendix to your brief, although Rule 30 requires it to be in the appendix to your brief. One of the district court's options when attorney's fees have been requested is to withhold final judgment on the merits and then award a single award on the merits and attorney's fees all at once. The judge also has the option to award a judgment on the merits and a separate judgment on fees. It seems clear that the district judge in this case took the first option. Just one judgment covering the merits and fees. That's what the judge thought he did. That's why the document entered on December 23rd covers both the merits and fees. So how can we have an appeal from an opinion when the district judge himself thought that he was going to resolve both of them in one order? I didn't see any indication that the district court intended to further address the issue of a violation of the Family and Medical Leave Act. Other than the fact that there was no judgment. My recollection is, and I'm trying to find that, Judge, is that the day after the written order, there was an order of dismissal entered by the district court. Then why isn't it in your brief? It's required by rule. Any judgment is required by rule to be in your brief. It was crystal clear in your brief that you thought you were appealing from an opinion. Which just isn't allowed. From an opinion and order. So you think we just ignore Rule 58A? No. But I would submit that the court's written decision that was entered is that order. Rule 58A says separate piece of paper. Is it your contention that we should just ignore that? I would never suggest that we ignore any of the rules that are set forth. No. It's not a good idea to suggest that. District judges don't have the authority to ignore rules. We don't either. Well, it's obvious you're unprepared for this. Why don't you proceed? I believe, Your Honor, that when we look at the case on the merits, I understand the court's concern.  This is a case where we've got a plaintiff who did not lose any compensation or benefits, who did not incur any other monetary losses, and did not show that there was any appropriate equitable relief. And that is directly controlled by Ragsdale v. Wolverine worldwide, where the Supreme Court has said under the Family and Medical Leave Act that Section 2617 provides no relief to an employee who has not been prejudiced by a violation, and that the way you show prejudice is by one of those three things. Because of that, there is simply no case here, and there can be no case that's maintained under the Family and Medical Leave Act. I would submit to this court that this case itself is identical to Sons v. Henry County, which is the decision that was issued by District Court Judge David Hamilton, who now sits on this court. Did you hear the argument in the first case? I did not, Judge. One of the points made was that district judge opinions have no precedential weight whatsoever. I understand that you're not bound by a district court's decision, but I think the analysis from Judge Hamilton in Sons is directly on point here, and it leads to the same result. I'm not saying that this court is bound by it. I'm saying that it's instructive. Mr. Stadler, you're relying on Ragsdale, and you've argued that when there's no prejudice and no monetary loss, or no equitable loss pointed out, that you can't prevail. The district court here made a specific finding after the bench trial of prejudice, which is not contested on appeal, and found that the appropriate equitable relief, the statute gives pretty broad discretion to the court to determine that, is declaratory relief. Why doesn't that fall outside of Ragsdale, where there wasn't any prejudice? Because declaratory relief is not equitable relief. I mean, that analysis from the district court is completely circular. What Ragsdale says we have to have is a violation of the statute, and then we have to show prejudice. And what the district court said is, we have a violation of the statute, and therefore I'm going to declare that we have a violation of the statute. We never get to the prejudice part. That's not true. The district court specifically found that she was prejudiced because she had to work a job that was below her professional capacity and involved fewer and substantially less meaningful responsibilities than her pre-leave position. And I'm quoting from the district court. But that's not prejudice. That is not harm to the employee. That's the violation of the law. The violation of the law is that you're not returned to an equivalent position. The district court found that was prejudice. The district court specifically found she has been prejudiced by a violation of the law. The court didn't say that was the violation. The court said this is the prejudice she has suffered. Mr. Stadler, if you were required to stop work as an attorney for a month and spend that month peeling potatoes on KP in the military but retaining your present compensation, would you claim that there had been no prejudice to you? I might enjoy a month of peeling potatoes versus being a lawyer. You might, if indeed you had fancied a career as a chef, but in fact you wanted to be a lawyer. You wanted your current job, not some different job. Ragsdale tells us there are three things that are prejudice. It is a loss of compensation or benefits, other monetary losses sustained as a direct result of the violation, or equitable relief. There's no equitable relief here. Saying that there has been a violation of the law does not give anybody equitable relief. It's just simply circular and doesn't get you to one of the three things that is labeled as prejudice by Ragsdale. You know, and Judge Easterbrook, the thing about the, you know, did you get sign-lined for 30 days? You know, the plaintiff here didn't bring suit for two years. So by the time she brought suit, there was nothing that could be done about her claim that the position wasn't equivalent. So, I mean, I think that's a factor that one has to look at when you're talking about this issue. But when you look at this case, it's purely a technical violation. It results in no harm to the plaintiff, not at all. And just to say that, well, I'm going to come back and declare a violation of the statute, I mean, keep in mind, this is not a declaratory judgment. But again, how is this merely a technical violation with the court's prejudice finding? That you are not challenging is clearly erroneous. That seems to take it out of Ragsdale. One can't say that it's prejudice without something to support that. But the support was she's doing an inferior job. That's the violation, not the harm. I mean, that's the technical violation of the law, is that the position wasn't equivalent. But it did nothing to her. Not according to her testimony and the district court's factual finding. Maybe monetarily it didn't do anything, but again, the district court specifically found that she was prejudiced by being in an inferior position. And you haven't challenged that finding. Every violation of the statute in this regard in terms of not returning to an equivalent position is the same. And you can't say that the violation becomes the harm. It is too circular to just simply say... Do you have a case that supports that? No, it is logic. But I'm going to reserve two minutes for rebuttal. Thank you. Certainly, counsel. Mr. Halstead. Good morning and may it please the court. My name is Aaron Halstead. I'm counsel for the... You may have your microphone turned way down. You're very hard to hear. We'll see if we can turn it up on this end. Is this better? That's better. Thank you. I'll speak more loudly. Good morning. My name is Aaron Halstead. I'm counsel for the appellee, Sarah Simon. Ms. Simon's complaint against CESA alleged that CESA had failed to restore her to her lead teacher position at the school in which she taught. In her complaint, she specifically requested, quote, judgment and prayed for the following relief. Declaration that defendant... Mr. Halstead, in light of what happened when Mr. Stadler stood up, I'm surprised that you too are skipping over appellate jurisdiction. And that's where we need to start in every case. And I'm disappointed that the parties seem to have paid no attention to Rule 58. In your case, it seems to me that you have not paid any attention to Rule 58E, which says that ordinarily the entry of judgment on the merits may not be delayed to wait for an award of attorney's fees. And that appears to be what happened here. But the district judge, if the request for attorney's fees is made before the appeal, can enter an order providing that the request for attorney's fees has the same effect as a motion under Rule 59. Did the district judge enter such an order? The district court, the district judge entered an order on May 21 of 2021 ordering me on Ms. Simon's behalf to file a petition for attorney's fees within 21 days of filing... Now, look, listen, please. The rule says that a district judge may enter an order providing that a motion for attorney's fees has the same effect as a motion under Rule 54D2. Did the district judge enter such an order? I don't believe he did, Your Honor. And I don't believe he did either. So what we seem to have here is a case where the district judge failed to enter a Rule 58A judgment. And then the district court did what Rule 58E says is ordinarily forbidden, delayed entering the judgment to wait for an award of attorney's fees, unless the district court takes advantage of that provision. And then the parties, both sides, have ignored Rule 58 altogether. What are we supposed to make of this in the Court of Appeals? Your Honor, we did in our appellate brief state that it was our position that the appellant's jurisdictional statement was not complete because they hadn't alleged that there was a final judgment. We then... Yes, and that argument ignores Budinich against Becton Dickinson, which says that the merits and attorney's fees are separate judgments, separately appealable. And that's what Rule 58E says, too. We did, though, point the court in our brief to this court's decision in Dunn, 929 F. Second 311, in which the court said that where fees are awarded but not quantified, the judgment below is appealable. And we said the court had invited us to petition for fees but had not awarded them, and therefore it was our position that it was not appealable. Look, you're just not addressing my question. My questions have to do with Rule 58, with Rule 58A and with Rule 58E. You're not speaking to either part of Rule 58. Now, maybe you and your opponent have just failed to read the rules. That's regrettable. But I wish you would deal with my question now that I have read the rule to you. Well, I am familiar with Rule 58, Your Honor, but not as specifically as you're asking me to be familiar with it. We did state there was no, after the opinion and order that were entered on the 21st of May, there was no order or judgment dismissing the case as CESA's counsel has suggested. And it was... There is a doctrine in the Supreme Court. It's the case of Indra Lunas against the United States, which says that if the district judge ignores Rule 58A, an appeal may be filed anyway. Although, Appellate Rule 4A, I think it's 7, limits the time to take that kind of appeal to 150 days. This appeal was taken before the time allowed by Rule 4 under the doctrine of Indra Lunas. I think we have to take it that there is an appeal from the declaratory judgment, even though one wasn't entered properly. Assuming Indra Lunas applies. Is there some reason why Indra Lunas would not apply here? I'm not familiar with the case, Judge, I can't tell you. Yeah, I'm afraid so. All right, please proceed on the merits. Thank you, Your Honor. The district court, after a bench trial, found that CESA had violated Ms. Simon's rights under the FMLA and did, certainly in its opinion, the court did recite that it was entering, it entered an order declaring that CESA had, in fact, and the court said that it was granting plaintiff's request for declaratory judgment that defendant CESA violated her rights under the FMLA by failing to return her to her position or an equivalent position. The court granted the request that we made in our complaint for a declaration of her rights. In the declaratory relief is, under the statute itself, under the declaratory judgment statute, a form of relief. It isn't a cause of action in itself. And therefore, responding to counsel's question regarding the appropriateness of the declaratory relief in this case, it was and is relief that the district court was permitted to award to Ms. Simon. So to the extent that the court does believe that the merits are before it, it's our position that Judge Conley's factual findings warranted the declaratory relief that he ordered. He found that CESA not only refused to return Ms. Simon to her previous position, but as he said, instead parked her in a backwater position with materially fewer responsibilities until her contract ran out. He said, secondly, quote, almost as disturbing, CESA plainly doesn't understand what constituted an equivalent position. The court then went on to order that quote, plaintiff's request for declaratory judgment, finding that her defendant, finding that defendant CESA 5 violated the FMLA by failing to return her to her position or an equivalent position is granted. CESA ignores the FMLA and case law when it argues that Judge Conley did not have the power to award her the equitable relief that he did. And clearly declaratory relief is equitable relief under this court's case law, as we've stated in our brief. The court also said that in, under that pursuant to section 2617 sub a sub three, that because it had awarded a judgment to Ms. Simon, that it was allowing her to position for attorney's fees. And the declaratory judgment statute itself says that any declaration under that statute is appropriate. Quote, whether or not further relief is, or could be sought and quote, any such declaration shall have the force and effect of a final judgment or decree. Section 28 USC section 2201 sub a. Now CESA repeatedly says in its briefs and before this court that it's violations of the statute were quote technical close quote, but it fails to explain how an employer's decision never to restore an employee to her pre-leave position could be a technical violation of the statute. It also says that it's violations of the statute did not allegedly prejudice Ms. Simon. However, again, it's provided this case with no case from this circuit or elsewhere in which any federal court has held that an employer's permanent assignment of its employee to a non-equivalent position on her return from leave doesn't constitute per se prejudice to her. In the Ragsdale case, the Ragsdale case was quite different than this case. In Ragsdale, the court found that the plaintiff had shown no prejudice connected with the employer's failure to comply with certain notice requirements of the department of labor and further said that she had failed to prove quote, any real impairment of her rights close quote, and had not demonstrated quote, a showing of consequential harm close quote. All of those findings flowed from her concession that she had received far more leave under the FMLA than she was entitled to. That's clearly not the case here. The harm that Ms. Simon suffered was being required to serve in a position that was subordinate to the one that she had been in for years. And in fact, she ended up being a teacher's aide, which was basically supporting the people who held the position that she had previously held. The CISA also points to the Franzen case, but of course that case is quite different than the case before this court because the district court did enter a judgment or at least as your honor has pointed out, intended to or believe that the court was entering a judgment. And for that reason that it entitled her to move for an award of attorney's fees. In essence, what CISA's, if the court were to adopt CISA's characterization of Judge Connolly's declaratory judgment as what they call purely symbolic, it's really tantamount to saying that an employee's right to be returned to her pre-leave position has no value in and of itself. And that being forced to serve in a position that isn't yours and is not equivalent to yours really has no meaning. What CISA really is also saying is that so long as an employer maintains its employee at the same level of salary and benefits after she returns from leave, it's free to relegate her to whatever position it wants to and argue that she has suffered no harm or prejudice because she's lost no money. That's clearly not what the law is. There is an inherent value in being permitted to serve in the position that you were in, which is why Congress requires employers to return employees to their pre-leave positions. I would also point out that this court's decision in Amling, A-M-L-I-N-G versus Harrow Industries, 943 F3rd 373 at 379, a decision that was issued in 2019, the court said that the declaratory judgment statute had long been understood to confer on federal courts, quote, unique and substantial discretion in deciding whether to declare the rights of litigants, close quote. And the Supreme Court in 1995 in the Wilton versus Seven Falls case 515 U.S. 277 said that specifically Congress sought to place what it called a remedial arrow in the district court's quiver in order to allow a district court to grant a new form of relief to qualifying litigants. And so in this instance, Judge Conley did exactly that. He found that there had been a violation of the statute that because CESA chose to continue Ms. Simon at her same rate of pay and same benefits, she hadn't lost money, but that being required for the majority of the school year to work as a teacher's aide when she had been the lead teacher dealing with multiple school districts, multiple outside agencies, including law enforcement, social workers. And now she's sitting in a hallway at a desk as a teacher's aide dealing with students one-on-one. She clearly had been prejudiced by that. There is one, and to show the court factually, and I understand I have very little time left, but if the court reviews trial exhibit A, it shows how important this position to Ms. Simon was as a lead teacher. While she was not permitted by her positions to function as a teacher, but allowed to do minimal tasks, she sent an email to her staff saying, quote, I'm allowed a little bit of screen time each day, and I love my job so much, I figured I would use it to stay in touch with you. That demonstrates to the court, in my view, not only I think the law requires this finding, but the facts of this case, that the position itself that she held was important to her, and in itself, her loss of the job caused her prejudice. Thank you, Your Honor. Thank you, Mr. Halstead. Anything further, Mr. Stadler? Yes, Judge Easterbrook, thank you. I'm gonna go back on the prejudice issue that Judge St. Eve raised before. I think there are a couple of cases that I can point the court to that gives us some guidance on that. The first would be Lutz versus United Trailers Incorporated, 950F3359. And that's a case where this court addressed that issue in terms of prejudice arising under the FMLA. And the court says, you have to have something other than the violation of the law itself. The violation of the law itself does not create prejudice. I would also go back and point to the court, and this is a district court opinion, I'm not saying it's binding on this court, but I think the rationale of the district court judge in Purvis versus Walmart Stores, it is a 2019 U.S. Lexus 50252 case where the court says, in this context, prejudice means compensation or benefits lost by reason of the violation. Other monetary losses sustained as a direct result of the violation and appropriate equitable relief, including employment, reinstatement and promotion. So again, I think we have to go back and look at that when we talk about has there been prejudice? It cannot simply be that circular rationale of because you didn't restore her to her position, therefore she has prejudice because she wasn't restored to her prejudice. In the plaintiff's response brief, she provides a number of citations to the trial testimony transcript where she claims it supports that she was somehow harmed or prejudiced by the assignment to this other position for the half of the school year. Not a single one of those citations actually supports the proposition that she was harmed or prejudiced. They have nothing to do with that fact. This record is devoid of any fact to show that this plaintiff was harmed or prejudiced by a technical violation of the statute. For that reason, this case should have been dismissed on summary judgment and it should be dismissed at this point. Thank you very much. Thank you, counsel. The case is taken under advisement.